**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-60142
Summary Calendar
_____

ANGEL EFRAIN CAMPOS LAIVA,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(A73-221-511)
_____
(October 23, 1995)

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Petitioner challenges a BIA order denying asylum and withholding deportation. We affirm.

I.

Angel Efrain Campos Laiva is a nineteen-year-old male from Puerto Triumfo, El Salvador who entered the United States without inspection on August 29, 1994. The Immigration and Naturalization Service (INS) issued an order to show cause why Campos Laiva should not be deported. After a deportation hearing, the immigration

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

judge (IJ) found Campos Laiva deportable and asked him if he wanted to apply for asylum. Campos Laiva indicated that he wished to do so, and the IJ scheduled a hearing.

After a hearing on the asylum application, the IJ determined that Campos Laiva had failed to prove either past persecution or a well-founded fear of future persecution. He was, therefore, ineligible for asylum or withholding of deportation. Campos Laiva appealed to the Board of Immigration Appeals (BIA). The BIA reviewed the record de novo and adopted the IJ's legal analysis and conclusions. Campos Laiva timely filed a petition for review of the BIA's order.

The only issue before us is whether the BIA's determination that the petitioner is ineligible for asylum or withholding of deportation is supported by substantial evidence in the record. See 8 U.S.C. § 1105a(a)(4) (1970); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). When the BIA adopts the IJ's conclusions and analysis, we review the IJ's decision as well. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). This court will not reverse the factual determinations unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

With respect to his asylum claim, Campos Laiva asserted that he feared he would be subjected to persecution for his political beliefs and practices if he were returned to his native El Salvador.

Campos Laiva testified that he had been threatened because of

2

his political affiliation. During the month leading up to the Puerto Triumfo mayoral elections, he distributed campaign propaganda for the ARENA party's candidate, who was seeking reelection. Campos Laiva testified that during that period members of the FMLN party[2] threatened and insulted him. He also received an anonymous note stating that he should withdraw from the ARENA party or face the consequences. He attributed that message to the FMLN.

Moreover, Campos Laiva believes that this note led to his uncle's shooting. Around the time of the election, his uncle, also a member of the Arena party, was badly wounded. Just before he was shot, Campos Laiva's uncle had a conversation with FMLN party coordinator. Campos Laiva believes, but cannot be sure, that this discussion concerned the threatening note. At the hearing, however, Campos Laiva admitted that he had not heard the conversation and did not actually know who shot his uncle. He also conceded that he knew of no other ARENA party members in Puerto Triumfo who were targeted by the FMLN during this election.

Campos Laiva remained in Puerto Triumfo for approximately two months after his uncle was shot. He then spent three months in San Salvador before coming to the United States. He received no further threats and had no other problems with the FMLN during this five month period. Moreover, the ARENA party of which he is a

---

[2]The FMLN is a left-wing group formerly engaged in armed guerilla warfare against the El Salvadoran government and the right-wing ARENA party that controlled it. The FMLN was legalized by the 1992 peace accord which ended El Salvador's long civil war.

member continues to control El Salvador.

A review of the record indicates that substantial evidence supports the BIA's determination that Campos Laiva established neither past persecution nor a well-founded fear of future persecution.  See Rojas v. INS, 937 F.2d 186, 189-90 (5th Cir. 1991).  Therefore, we decline to disturb the BIA's determination that Campos Laiva was not eligible for political asylum.

## II.

As Campos Laiva cannot make the "well-founded fear of persecution" showing required for asylum, there is no need to address his claim that deportation should be withheld.  The latter standard is higher and requires a deportee to demonstrate a "clear probability of persecution."  Jukic v. INS, 40 F.3d 747, 750 (5th Cir. 1994).  We decline to disturb the BIA's determination that Campos Laiva was not eligible for withholding of deportation.

AFFIRMED.